**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**LOUISE HEARD**                                                                         **PLAINTIFF**

V.                         **CASE NO. 3:12CV00137-BD**

**MISSISSIPPI COUNTY SHERIFF'S DEPARTMENT,** *et al*.      **DEFENDANTS**

**ORDER**

On June 8, 2012, Plaintiff Louise Heard filed a Complaint under 42 U.S.C. § 1983, naming as defendants the Mississippi County Sheriff's Department and James Sanders. Ms. Heard has moved for default judgment supported by the affidavit of her attorney. (Docket entries #3 and #4) For the reasons set forth below, the motion must be denied.

**I.**       **Facts:**

Upon filing her complaint on June 8, 2012, summonses were issued and returned to Ms. Heard's counsel for service of process. Ms. Heard has attached to her motion for default copies of two envelopes and two certified mail receipts. One envelope is addressed to "Sheriff James Sanders." (#3-1) The envelope has been stamped "returned to sender" with the words "unable to forward" underlined, with the box next to the word "refused" checked. (#3-1) A handwritten note next to the address reads, "Not Here."

The other envelope is addressed to "Mississippi Co. Sheriff Dept. Agent for Service: James Sanders." It too has been stamped "returned to sender" with the words

1

"unable to forward" underlined, with the box next to the word "refused" checked.  A handwritten note next to the address reads, "No Longer Here."[1]

## II.     Motion for Default Judgment

Rule 4 of the Federal Rules of Civil Procedure provides that service on an individual or on a state-created governmental organization is valid if service is in compliance with state law for service in the state where the district court is located or where service is made.   FED.R.CIV.P. 4(e)(1); FED.R.CIV.P. 4(j)(2)(B).

Rule 4 of the Arkansas Rules of Civil Procedure provides that service on a state or municipal corporation or other governmental organization or agency may be made by delivering a copy of the summons and complaint to the chief executive officer or other person designated by appointment or by statute to receive service or upon the Attorney General of the state, if accompanied by an affidavit stating that the officer or designated person is unknown or cannot be located.  ARK. R. CIV. P. 4(d)(7).

Arkansas Rule 4(d)(8)(A)(I) authorizes service by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee, provided that the addressee is a natural person; an agent of the addressee must be authorized in accordance with postal regulations.

The domestic return receipts attached to Mr. Wilson's affidavit of service show that the mail was addressed to Sheriff James Sanders and Agent of Service:  James

---

[1] Mississippi County's web page indicates that Dale Cook is currently the county sheriff.  Mississippi County, Arkansas, http://www.mcagov.com/offices/county-sheriff.

Sanders. (#4-1 at p. 1, #4-2 at p. 1) While both envelopes were addressed to a natural person, Mr. Sanders was not, at the time of service, Sheriff of Mississippi County. Furthermore, neither domestic receipt restricted delivery to the addressee. (#4-1 at p.2, #4-1 at p.2)

The Arkansas Supreme Court has held that the service requirements found in the court rules must be strictly construed, and compliance with the rules must be "exact." *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709, 120 S.W.3d 525, 530 (2003) (citing *Wilburn v. Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989).

Ms. Heard has not strictly complied with the requirements for service by mail under either provision of Arkansas Rule 4(d)(8). Service by certified mail is allowed under Arkansas Rule 4(d)(8)(A), but service under the rule:

> shall not be the basis for entry of a default . . . unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee. If delivery of mailed process is refused, the plaintiff or attorney making such service, promptly upon receipt of notice of such refusal, shall mail to the defendant by first class mail a copy of the summons and complaint and a notice that despite such refusal the case will proceed and that judgment by default may be rendered against him unless he appears to defend the suit.

ARK. R. CIV. P. 4(d)(8)(A)(ii). Because she did not send the summons and complaint certified mail, restricted delivery, and because after receiving the refused mail she did not send the summons and complaint by first-class mail, together with two copies of a notice and acknowledgment conforming to the form adopted by the Arkansas Supreme Court,

Ms. Heard has not satisfied the requirements of Arkansas Rule 4(d)(8)(A)(ii) and is not entitled to default judgment.  Accordingly, Ms. Heard's motion for default judgment (#3) is DENIED.

### III.    Extension of Time for Service

The 120-day time limit for service of the complaint set forth in Rule 4(m) of the Federal Rules of Civil Procedure has expired.  Rule 4(m) grants the Court discretion to extend time for service of process even where there is no good cause shown.  *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010)(citing *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996).

Ms. Heard is given thirty (30) days from the date of entry of this order to properly serve the defendants.  Failure to comply with this order may result in Ms. Heard's claims being dismissed without prejudice.  See  FED. R. CIV. P.  4(m).

IT IS SO ORDERED this 26th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE