IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

LOUISE HEARD                                                              PLAINTIFF

VS.                                    NO. 3:12CV00137-BD

MISSISSIPPI COUNTY SHERIFF'S DEPT., et al.                    DEFENDANTS

## ORDER

I.    **Background:**

  Plaintiff Louise Heard filed this lawsuit claiming that she was arrested at her home

on January 25, 2008, by John Doe members of the Blytheville Police Department.  She

was allegedly charged with failing to appear as a witness in Mississippi County Circuit

Court, Juvenile Division.  Ms. Heard claims that she was taken to the Mississippi County

Detention Center, strip-searched, placed in orange prisoner clothing, and held from

approximately 8:30 p.m. on January 25, 2010, until approximately 11:30 a.m. on January

26, 2010.  At that time, she was transported from the Mississippi County Detention

Center in Luxora, Arkansas, to the Mississippi County Circuit Court in Osceola,

Arkansas.

  Ms. Heard explains that when she informed the Circuit Court Judge of the

circumstances surrounding her absence from the previous court date, the Circuit Court

Judge ordered that she be released from custody.  Ms. Heard alleges that instead of

immediately releasing her, the Mississippi County Sheriff's Department held her until the

court session ended, then transported her back to the Mississippi County Detention Center

in handcuffs and ankle shackles, where she was again strip-searched by guards prior to her release.  In her complaint, Ms. Heard claims that the Mississippi County Sheriff's Department violated her Fourth and Fourteenth Amendment rights.

Pending is a motion to dismiss filed by Separate Defendant Mississippi County Sheriff's Department (#7).  In its motion, the Mississippi County Sheriff's Department argues that Ms. Heard's claim against it should be dismissed because under controlling law, a "sheriff's department" is not a "person" amenable to suit under 42 U.S.C. § 1983. The motion (#7) is GRANTED.

## II.   <u>Discussion:</u>

A.   Standard

To state a cognizable claim under 42 U.S.C. § 1983,  a plaintiff must allege that a "person" acting under color of statute, ordinance, regulation, custom, or usage, deprived him/her of a right, privilege, or immunity secured by the U.S. Constitution or by federal law.  42 U.S.C. § 1983.  While a complaint does not need detailed factual allegations, a plaintiff's duty to provide the grounds of his right to relief requires more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544-55 (2007).  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.  *Id*.

B.      Mississippi County Sheriff's Department

The complaint in this case does not state a claim against the Mississippi Sheriff's Department because a sheriff's department is not a legal entity subject to suit under § 1983.  See *e.g.*, *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit" under § 1983); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (the police department is not a separate suable entity).

Because the Mississippi County Sheriff's Department is only a department or subdivision of Mississippi County, it is not an entity capable of being sued in a § 1983 action. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

III.    **Conclusion:**

The motion to dismiss (#7) is GRANTED.  All claims against the Mississippi County Sheriff's Department are DISMISSED, with prejudice.

DATED this 12th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE