**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LOUISE HEARD**                                                                                           **PLAINTIFF**

VS.                                          NO. 3:12CV00137-BD

**MISSISSIPPI COUNTY**
**SHERIFF'S DEPT., et al.**                                                                          **DEFENDANTS**

**ORDER**

**I.     Background:**

Plaintiff Louise Heard filed this lawsuit claiming that she was arrested at her home on January 25, 2008, by John Doe members of the Blytheville Police Department. She was allegedly charged with failing to appear as a witness in Mississippi County Circuit Court, Juvenile Division ("Circuit Court"). Ms. Heard claims that she was taken to the Mississippi County Detention Center, strip-searched, placed in orange prisoner clothing, and held from approximately 8:30 p.m. on January 25, 2010, until approximately 11:30 a.m. on January 26, 2010. At that time, she was transported from the Mississippi County Detention Center in Luxora, Arkansas, to the Mississippi County Circuit Court in Osceola, Arkansas.

Ms. Heard explains that when she informed the Circuit Court Judge of the circumstances surrounding her absence from the previous court date, the Circuit Court Judge ordered that she be released from custody. Ms. Heard alleges that instead of immediately releasing her, the Mississippi County Sheriff's Department held her until the court session ended, then transported her back to the Mississippi County Detention Center

in handcuffs and ankle shackles, where she was again strip-searched by guards prior to her release. In her complaint, Ms. Heard claims that the Mississippi County Sheriff's Department violated her Fourth and Fourteenth Amendment rights.

Pending is a motion for judgment on the pleadings filed by Separate Defendant James Sanders, Sheriff of Mississippi County. (#20) In his motion, Defendant Sanders asserts that Ms. Heard's claims against him in his individual capacity should be dismissed. The motion (#20) is GRANTED.

## II.  Discussion:

To adequately state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a "person" acting under color of statute, ordinance, regulation, custom, or usage, deprived her of a right, privilege, or immunity secured by the United States Constitution or federal law. 42 U.S.C. § 1983. While a complaint does not have to include detailed factual allegations, a plaintiff's duty to provide the grounds of her right to relief requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 544-55 (2007). The plaintiff's factual allegations, when assumed to be true, must show that the plaintiff's claim to relief is more than speculative. *Id*.

Furthermore, a defendant is liable under § 1983 only if he or she was directly and personally responsible for depriving the plaintiff of her rights. To establish personal liability of a supervisory defendant, a plaintiff must allege, "specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights."

*Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (internal quotation marks and citation omitted).

In Ms. Heard's complaint, she alleges that Defendant Sanders "implemented the unconstitutional policy of incarcerating [her] after she had been duly released from custody." (#1 at p.6) In addition, she states that "it is the direct acts of the Defendant James Sanders and his authority position as Sheriff which resulted in [her] unconstitutional incarceration." She also claims that she was strip-searched by Defendant Sanders and improperly detained by employees of the Mississippi County Sheriff's Department through the "implementation" of departmental policies.

Based on Ms. Heard's allegations, she is attempting to hold Defendant Sanders personally liable based on his position as Sheriff of Mississippi County and for implementing various Detention Center policies. This is not enough to state a constitutional claim against Defendant Sanders in his individual capacity.

## III.   Conclusion:

Defendant Sanders's motion for judgment on the pleadings in his individual capacity (#20) is GRANTED, and Ms. Heard's claims against Defendant Sanders in his individual capacity are DISMISSED, without prejudice. She may proceed, however, on her claims against Defendant Sanders in his official capacity.

IT IS SO ORDERED this 25th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE