**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**LOUISE HEARD**                                                                                    **PLAINTIFF**

**VS.**                                    **NO. 3:12CV00137-BD**

**JAMES SANDERS**                                                                              **DEFENDANT**

**ORDER**

**I.    Background:**

Plaintiff Louise Heard filed this lawsuit claiming that she was arrested at her home on January 25, 2010, by John Doe members of the Blytheville Police Department based on a charge that she had failed to appear as a witness in the Mississippi County Circuit Court, Juvenile Division ("Circuit Court"). Ms. Heard claims that she was taken to the Mississippi County Detention Center, strip-searched, placed in orange prisoner clothing, and held from approximately 8:30 p.m. on January 25, 2010, until approximately 11:30 a.m. on January 26, 2010. At that time, she was transported from the Mississippi County Detention Center in Luxora, Arkansas, to the Mississippi County Circuit Court in Osceola, Arkansas.

Ms. Heard explains that when she informed the Circuit Court Judge of the circumstances surrounding her absence from the previous court date, the Circuit Court Judge ordered that she be released from custody. Ms. Heard alleges that instead of immediately releasing her, the Mississippi County Sheriff's Department held her until the court session ended, then transported her back to the Mississippi County Detention Center

in handcuffs and ankle shackles, where she was again strip-searched by guards prior to her release. In her complaint, Ms. Heard claims that the Mississippi County Sheriff's Department violated her Fourth and Fourteenth Amendment rights.

The Court previously dismissed Ms. Heard's claims against the Mississippi County Sheriff's Department, James Sanders, Sheriff of Mississippi County, in his individual capacity, and the unnamed Doe Defendants. (#18, #28, #29)

Now pending is Defendant Sanders's motion for summary judgment. (#37) Ms. Heard has responded to the motion.[1] (#47, #48) Although both parties were provided additional time to engage in discovery and supplement their summary judgment papers, neither party filed a supplement, and the time for doing so has passed. (#55) Based on the evidence presented, Defendant Sanders's motion for summary judgment (#37) is GRANTED.

**II.    Discussion:**

　　A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving

---

[1] Defendant Sanders also was provided additional time to reply to Ms. Heard's response. He did not file a reply and the time for doing so also has passed. (#57)

party must first present evidence that there is no genuine dispute of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If a responding plainiff does not submit enough proof to establish a necessary element of a claim, the defendant is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Analysis

In Ms. Heard's complaint, she alleges that Defendant Sanders "implemented the unconstitutional policy of incarcerating [her] after she had been duly released from custody." (#1 at p.6) In addition, she states that "it is the direct acts of the Defendant James Sanders and his authority position as Sheriff which resulted in [her] unconstitutional incarceration." She also claims that she was strip-searched and improperly detained by employees of the Mississippi County Sheriff's Department through the implementation of departmental policies.

In support of his motion for summary judgment, Defendant Sanders testifies that he was not aware of any County policy or custom requiring an inmate who has been released from custody by a judge to be strip-searched at the jail following the inmate's release. (#39-2 at p.1) Ms. Heard has not presented any evidence to contradict Defendant Sanders's testimony. Although Ms. Heard argues that this question was previously

party must first present evidence that there is no genuine dispute of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If a responding plainiff does not submit enough proof to establish a necessary element of a claim, the defendant is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Analysis

In Ms. Heard's complaint, she alleges that Defendant Sanders "implemented the unconstitutional policy of incarcerating [her] after she had been duly released from custody." (#1 at p.6) In addition, she states that "it is the direct acts of the Defendant James Sanders and his authority position as Sheriff which resulted in [her] unconstitutional incarceration." She also claims that she was strip-searched and improperly detained by employees of the Mississippi County Sheriff's Department through the implementation of departmental policies.

In support of his motion for summary judgment, Defendant Sanders testifies that he was not aware of any County policy or custom requiring an inmate who has been released from custody by a judge to be strip-searched at the jail following the inmate's release. (#39-2 at p.1) Ms. Heard has not presented any evidence to contradict Defendant Sanders's testimony. Although Ms. Heard argues that this question was previously

decided by the Court in *Heard v. City of Blytheville, Arkansas, et al.*, E.D. Ark. Case No. 3:10cv272 SWW, the Court finds Ms. Heard's reliance on the Court's opinion misplaced.

In the previous order, the Court stated that "it is plausible that Heard may be able to present facts showing that the County's policy resulted in an unconstitutional strip search," and held that she had stated a "plausible claim that the County's failure to release her immediately was based on a policy or custom that resulted in the violation of her constitutional rights." (#48-1 at pp.4-5)  Here, however, Defendant Sanders has presented evidence that he was not aware of any such policy or custom.  Ms. Heard has not come forward with any further evidence in support of her claims.  As a result, she has failed to create a material question of fact on this issue, and Defendant Sanders is entitled to judgment as a matter of law.[2]

## III.  Conclusion:

Defendant Sanders's motion for summary judgment (#37) is GRANTED.  Ms. Heard's claims are DISMISSED, with prejudice.

---

[2]  The Court will not address the constitutionality of the strip-search of Ms. Heard either before her detention or after her release.  If Ms. Heard had been able to obtain service of the officers responsible for the strip searches at issue, and maintain suit against the officers in their individual capacities, that question would have been properly before the Court.

IT IS SO ORDERED this 16th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE